| | |
|---|---|
| KATIE WINTER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BWW RESOURCES, LLC, )<br>)<br>)<br>)<br>)<br>Defendant. ) | **COMPLAINT** |

NOW COMES Plaintiff Katie Winter by and through the undersigned counsel of record, complaining of Defendant, BWW Resources, LLC, alleges and says unto this Court:

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, which prohibits discrimination on the basis of sex. Plaintiff, Katie Winter, (hereinafter "Plaintiff"), brings this action to remedy discriminatory employment practices of her employer, BWW Resources, LLC (hereinafter "Defendant" or "BWW"). Plaintiff alleges that Defendant took adverse action against Plaintiff's employment based on her sex. This Complaint sets out in detail the relevant instances of unlawful discrimination perpetrated by Defendant.

## PARTIES

1. Plaintiff is a United States Citizen and was employed by Defendant as General Manager and Training General Manager at 148 Shenstone Blvd, Garner, North Carolina 27529.

2. At all times relevant herein, Plaintiff is a citizen and resident of North Carolina.

3. At all times relevant herein, Plaintiff was an employee of Defendant within the meaning of 42 U.S.C. § 12111(4).

4. At all times relevant herein, Defendant was an employer of Plaintiff within the meaning of 42 U.S.C. § 12111(5).

5. Defendant is an American casual dining restaurant and sports bar franchise with 1,238 locations in the United States, including many locations in North Carolina.

6. Defendant is subject to the personal jurisdiction of this court as they purposely availed themselves of conducting activities within the State of North Carolina. Defendant regularly conducts business and employs citizens of the State of North Carolina and thereby meets the minimum contacts standard set forth in *International Shoe Co. v. Washington. See Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 744 (1984); 326 U.S. 310, 315 (1945)).

## STATEMENT OF FACTS

7. At all relevant times, Plaintiff is a female previously employed at Defendant's Garner, North Carolina location as a General Manager and Training General Manager.

8. Plaintiff was employed with Defendants for over seven years.

9. Over the past five years, upon information and belief, Plaintiff's performance reviews scored her as "Meets Expectations."

10. In 2019, Cameron O'Connell, Assistant General Manager, was transferred to Defendant's Garner, North Carolina location.

11. In late 2019, O'Connell missed work and had issues with performance. In response, District Manager Mark Greer informed Plaintiff that she was not helping O'Connell enough to success, and that she needed to do a better job to help him and give him more

time to complete his projects.

12. During the next several months, Plaintiff had multiple sit downs, feedback sessions, and gave O'Connell administrative days to work on his development and projects.

13. In August 2020, the Assistant General Manager, Cameron O'Connell, did not ask the employees (referred as team members) the required COVID-19 questions according to BWW policy. During this time, a team member did not disclose that she had received a COVID-19 test. However, while at work the team member found out she was positive for COVID-19 and informed management and staff. At the direction of Chris Cobb, Acting District Manager, the Garner store was closed for 24 hours.

14. During the incident described above, Plaintiff was on paid-time off and not at the Garner location.

15. On September 9, 2020, District Manager Mark Greer approached Plaintiff and stated that it was a good idea if she quit before he terminated her. Greer falsely asserted that the staff and management were complaining about Plaintiff, and made Plaintiff feel as though she had no other option than to resign.

16. On September 9, 2020, Plaintiff received a written documentation from Greer stating that she had not followed the COVID-19 procedures for the incident that occurred in August 2020. The male assistant manager who failed to ask the COVID-19 questions according to policy did not receive a documentation relating to the incident.

17. Prior to the September 9, 2020 documentation, Plaintiff had no previous disciplinary action taken against her by Defendant.

18. Prior to Plaintiff's constructive discharge, Plaintiff was informed by O'Connell, an agent of Defendant, that Greer had been planning get rid of Plaintiff and replace her with a

male Training General Manager, Patrick Becker, from another BWW location in North Carolina.

19. The Assistant General Manager, Cameron O'Connell, has since been promoted to the General Manager position.

20. Plaintiff filed a Formal Charge of Discrimination with the Equal Employment Opportunity Commission on February 4, 2021.

21. Plaintiff was issued a Dismissal and Notice of Right to Sue letter by the Equal Employment Opportunity Commission on March 14, 2021. Attached as Plaintiff's Exhibit 1 – Winter Right to Sue.

## SECOND CAUSE OF ACTION
(Sex Discrimination)

22. The allegation set forth in paragraphs one through 21 are realleged and incorporated by reference as if fully set forth herein.

23. Under Title VII, it is unlawful for an employer "to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of . . . sex . . . ." 42 U.S.C. § 2000e-(2)(a)(1).

24. To establish a *prima facie* case of sex discrimination, Plaintiff must show that (1) she is a member of a protected class; (2) she suffered adverse employment action; (3) she was performing her job duties at a level that met her employer's legitimate expectations at the time of the adverse employment action; and (4) was replaced by or treated less favorably than someone outside her protected class. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802 (1973)).

25. Plaintiff is a member of a protected class as she is female.

26. Plaintiff suffered adverse employment action as she received a written reprimand and was

constructively discharged from her position as a Training General Manager.

27. Plaintiff was meeting her employer's expectations at the time of the adverse action, as she was rated as above average to superior on her performance reviews and had received no prior disciplinary actions in her seven years of employ with BWW.

28. Plaintiff was treated less favorably than Cameron O'Connell, Assistant General Manager, as Plaintiff was disciplined for O'Connell's failure to ask the required COVID-19 questions according to BWW policy. Additionally, Greer had been planning to get rid of Plaintiff and replace her with a male, although she had no performance issues or disciplinary actions in her seven years of service. Moreover, O'Connell has been promoted to Plaintiff's position since her constructive discharge although he has a record of disciplinary action, was the reason for Plaintiff's written reprimand, and has less experience than Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court:

A. Order Defendant to make Plaintiff whole by providing appropriate monetary relief in the amount of $125,000;

B. Order Defendant to expunge Plaintiff's employment record as necessary to eradicate the effects of Defendant's discriminatory practices;

C. Order Defendant to make Plaintiff whole by providing compensation for pecuniary losses resulting from the unlawful employment practices described herein;

D. Grant such relief as the Court deems necessary and proper in the public interest; and

E. Award Plaintiff her attorney's fees and costs of this action pursuant to Title VII of the Civil Rights Act of 1964.

# **JURY TRIAL DEMAND**

Plaintiff requests a jury trial on all questions of facts raised by this Complaint.

Respectfully submitted this, the 5th day of May, 2021.

        MCLAWHORN & RUSSELL PLLC

        /s/Christine D. Kidd
        Christine D. Kidd
        N.C. State Bar. No. 56518
        Christine@mclawfirmnc.com
        McLawhorn & Russell, PLLC
        8801 Fast Park Drive, Suite 307
        Raleigh, NC 27617
        Telephone: (919) 364-8975
        Facsimile: (919) 646-4032
        *Attorney for Plaintiff*