IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-CV-203-BO

| | | |
|---|---|---|
| KATIE WINTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| BBW RESOURCES, LLC., | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on defendant's motion to dismiss for failure to state a claim upon which relief can be granted. Plaintiff responded, defendant replied, and the motion is ripe for ruling. For the reasons that follow, defendant's motion to dismiss is granted.

BACKGROUND

Plaintiff filed the instant Title VII suit in May 2021, alleging one count of sex discrimination by her former employer, BBW Resources, LLC. Plaintiff Katie Winter was a General Manager and a Training General Manager at Buffalo Wild Wings in Garner, North Carolina from 2013 to 2020. From 2015 to 2020, plaintiff received the "Meets Expectations" designation on her performance reviews. Prior to September 9, 2020, plaintiff had received no disciplinary action.

In 2018, Cameron O'Connell, a male Assistant General Manager, was transferred to her location. O'Connell allegedly had issues with work performance and District Manager Mark Greer informed plaintiff that she needed to do a better job helping O'Connell succeed. Over the next several months, plaintiff worked with O'Connell to improve his performance. An incident

occurred in August 2020, when plaintiff was not at work and was on paid time off, where O'Connell allegedly failed to follow COVID-19 policies at the restaurant and the Garner location had to be closed for 24 hours. At some point prior to September 2020, O'Connell told plaintiff that District Manager Greer "had been planning [to] get rid of [p]laintiff and replace her with a male Training General Manager, Patrick Becker[.]" Complaint at ¶ 18.

On September 9, 2020, District Manager Greer wrote to plaintiff and allegedly informed her that she had not followed COVID-19 procedures during the August 2020 incident. O'Connell allegedly did not receive the same documentation. Also on September 9, 2020, Greer allegedly told plaintiff that "it was a good idea if she quit before he terminated her." Complaint at ¶ 16. Greer also told plaintiff allegedly false allegations that other staff members were complaining about plaintiff. After this, plaintiff allegedly felt like she had no choice other than to resign. Later, O'Connell was promoted to General Manager.

Plaintiff filed a Formal Charge of Discrimination with the Equal Employment Opportunity Commission on February 4, 2021. Plaintiff was issued a dismissal and a Right to Sue letter on March 14, 2021.

## DISCUSSION

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged,"

2

and mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must be dismissed if the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. The complaint must plead sufficient facts to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of misconduct. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009). The court need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments. *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

Title VII prohibits employers from "discriminat[ing] against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's ... sex." 42 U.S.C. § 2000e-2(a)(1). "An unlawful employment practice is established when the complaining party demonstrates that race, color, religion, sex, or national origin was a motivating factor for any employment practice, even though other factors also motivated the practice". 42 U.S.C. § 2000e-2(m). "[A]n employment discrimination plaintiff need not plead a *prima facie* case of discrimination . . . . to survive respondent's motion to dismiss." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 515 (2002). To survive a motion to dismiss, plaintiff must plausibly allege that BBW Resources took adverse employment action against plaintiff because of her sex. *See McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015). "[T]he motive to discriminate [may be] one of the employer's motives, even if the employer also had other, lawful motives for the decision." *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 339 (2013) "However, empty allegations of a causal connection between an employee's sex and

the alleged discrimination are insufficient to state a plausible claim." *Boney v. Trustees of Cape Fear Cmty. Coll.*, 366 F.Supp.3d 756, 765 (E.D.N.C. 2019).

Plaintiff asserts that O'Connell told plaintiff that Greer wanted to replace plaintiff with Training General Manager Patrick Becker, who happened to be male. A single comment made by a subordinate alleging that Greer wanted to replace plaintiff with a different Training General Manager does not lead to the conclusion that Greer was motivated to replace plaintiff with a male because plaintiff was female. *See McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015) ("[plaintiff] did not allege facts sufficient to claim that the reason it failed to hire her was because of her race or sex. To be sure, she repeatedly alleged that the Highway Administration did not select her because of the relevant decisionmakers' bias against African American women. But those "naked" allegations—a 'formulaic recitation' of the necessary elements—'are no more than conclusions' and therefore do not suffice.") (quoting *Iqbal,* 556 U.S. at 678–79).

Plaintiff also asserts that plaintiff was reprimanded for O'Connell's actions and O'Connell was allegedly not reprimanded, but in fact later promoted. Plaintiff's allegations show that her employer treated plaintiff worse than the employer treated O'Connell. But allegations that an employer treated one employee unfairly, when compared with another of a different sex, does not show that sex was a motivating factor. *See id.* at 583-85. Plaintiff does not allege that she was treated worse than male employees in general, that women at Buffalo Wild Wings were discriminated against, or that she faced discrimination that was connected to plaintiff's status as a woman. Plaintiff's complaint leads only to the conclusion that Greer was unhappy—whether fairly or not—with plaintiff's inability to supervise O'Connell.

4

Plaintiff alleges in her complaint that Greer had a discriminatory motive when he told her that she should quit. However, plaintiff's complaint contains more facts that lead to the conclusion that Greer's desire to terminate plaintiff was because of Greer's perception that plaintiff was not performing her job satisfactorily. Although plaintiff had been receiving "Meets Expectations" performance reviews for the past seven years, plaintiff states in her complaint that Greer told plaintiff in late 2019 that "she was not helping O'Connell enough to success, and that she needed to do a better job to help him," Complaint at ¶ 11 (error in original). On the same day that Greer told plaintiff to quit, Greer sent plaintiff a written reprimand stating that she had failed to follow company policies when O'Connell failed to follow COVID-19 protocol. Complaint at ¶ 16. Despite plaintiff's naked assertions that she was meeting her employer's expectations at the time, the 2019 verbal reprimand, the 2020 allegedly false allegations that her Garner colleagues were complaining about her, and Greer's written reprimand point to the contrary. *C.f. Rayyan v. Virginia Dep't of Transportation*, 719 F.App'x 198, 204 (4th Cir. 2018) (finding that a Title VII discrimination claim failed because the record did not support plaintiff's contention that he was performing his job satisfactorily); *Whitaker v. Nash-Rocky Mount Bd. of Educ.*, 546 F.App'x 209, 211 (4th Cir. 2013) (finding that plaintiff's "conclusory and unsupported assertions" that he was "meeting his employer's performance expectations" were not supported by the record).

The reprimand and direction to quit are "possibly 'consistent with discrimination,' [but] do not 'alone support a reasonable inference that' sex discrimination motivated these actions." *Boney*, 366 F.Supp.3d at 765 (quoting *McCleary-Evans*, 780 F.3d at 586) (granting the motion to dismiss the Title VII discrimination claim). Plaintiff's bare assertions that Greer was motivated by sex, when plaintiff's own complaint states more facts that lead to the conclusion that Greer was motivated by dissatisfaction with plaintiff's work performance, fail to plausibly state a claim. The

5

Court finds that plaintiff has not sufficiently alleged that the action occurred under circumstances permitting a reasonable inference of sex discrimination. Accordingly, plaintiff's claim should be dismissed.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss [DE 8] is GRANTED.


SO ORDERED, this __6__ day of April, 2022.



TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

6